

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,241

**EX PARTE LANDIS CHARLES BARROW Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-37055-02-D IN THE 320ᵀᴴ JUDICIAL DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery, and originally received ten years' deferred adjudication community supervision. Applicant's community supervision was later revoked, and he was adjudicated guilty and sentenced to twenty years' imprisonment. The Seventh Court of Appeals affirmed him conviction. *Barrow v. State*, No. 07-00-00039-CR (Tex. App. – Amarillo, August 18, 2000, no pet.).

Applicant contends that the revocation and adjudication were improper, because they were

based in part on perjured testimony, and because the State failed to disclose material favorable testimony to the defense. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court determined that the prosecutor who filed and prosecuted the motion to proceed to adjudication in this case had no personal knowledge that the credibility of Tom Coleman was questionable. The trial court found that the information was known to members of "the prosecution team," and was therefore imputed to the State. The trial court also found that the information regarding Tom Coleman's lack of credibility was material, exculpatory, and would have led to significant impeachment material had it been disclosed to the defense.

The trial court also found that the State presented evidence independent of Tom Coleman's testimony, which would have been sufficient to form the basis of the court's decision to proceed to adjudication. However, because Coleman's testimony played a central role in the trial court's sentencing decision, the trial court found that it has no confidence in the outcome of the adjudication proceedings, and recommends that Applicant be granted new revocation hearing.

Applicant is entitled to relief. *Brady v. Maryland*, 373 U.S. 83 (1963). Relief is granted. The judgment adjudicating guilt in Cause No. 37055-D in the 320th Judicial District Court of Potter County is set aside, and Applicant is remanded to the custody of the Sheriff of Potter County to answer the allegations that he violated the terms of his deferred adjudication community supervision.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 21, 2009

Do Not Publish